UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK FIELDER,

       Plaintiff,

v.

       Case No. 13-10325
       Hon. Gerald E. Rosen
       Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      March 24, 2014

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On January 15, 2014, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Mark Fielder's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on January 24, 2014, and Defendant filed a response to these objections on February 6, 2014. The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying motions, and the remainder of the record. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R

as the opinion of this Court.

As a threshold matter, Defendant contends that the Court should decline to address Plaintiff's objections because they rest upon arguments that were not made, in anything but the most cursory fashion, in Plaintiff's underlying motion for summary judgment. As Defendant correctly points out, and as the Sixth Circuit has explained, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.,* permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Whittum v. Saginaw County,* No. 02-10313, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." (internal quotation marks and citation omitted)). In Defendant's view, Plaintiff's objections run afoul of this principle, as they "advance[] arguments that were either not made to the magistrate judge or were seriously underdeveloped." (Defendant's Response at 1.)

The Court agrees. In the first of his objections, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to adopt a fifth and final hypothetical question presented to the vocational expert at the administrative hearing on Plaintiff's claim for benefits, where this hypothetical purportedly "represent[]s [Plaintiff's condition] much more adequately" than the hypotheticals on which the ALJ elected to rely. (Plaintiff's Objections at 2.) Yet, in his underlying summary judgment motion,

Plaintiff's discussion on this point consisted of two conclusory sentences asserting (i) that "[t]he ALJ did not properly evaluate [Plaintiff's] impairments in the hypothetical question, and therefore, the hypothetical is flawed," and (ii) that "[t]he hypotheticals are improper and the fifth hypothetical should be adopted." (Plaintiff's Motion, Br. in Support at 8, 11.) Precisely *why* the ALJ should have adopted the fifth hypothetical over the others is an exercise left to the reader; as observed by the Magistrate Judge, Plaintiff's summary judgment brief lacked any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise failed to "provide any factual basis" for his challenge to the ALJ's assessment of his credibility. (*See* R & R at 3, 9.) "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.,* 692 F. Supp.2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)); *Deguise v. Comm'r of Social Security,* No. 12-10590, 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013) ("[P]laintiff cannot simply make the claim that the ALJ erred by not adopting a hypothetical posed to the vocational expert, while leaving it to the Court to scour the record to support this claim."), *adopted by* 2013 WL 1187291 (Mar. 22, 2013).[1]

---

[1] As noted in Defendant's response to Plaintiff's objections, this reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel

Accordingly, because the issue raised in Plaintiff's first objection was not fairly presented for the Magistrate Judge's consideration, the Court declines to address it.[2]

---

in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel. *See, e.g., Leveque v. Comm'r of Social Security,* No. 13-10685, 2014 WL 172297, at *4 n.7 (E.D. Mich. Jan. 15, 2014) (Randon, M.J.) ("Plaintiff's arguments are unclear or unsubstantiated and — to the extent that Plaintiff's arguments *are* decipherable — her brief consists largely of the same explanations of arguably relevant authority that [Plaintiff's counsel] uses indiscriminately time and time again in filings with this Court."); *Burger v. Comm'r of Social Security,* No. 12-11763, 2013 WL 2285375, at *5 (E.D. Mich. May 23, 2013) (Majzoub, M.J.) (observing that "Plaintiff's brief is completely devoid of any discernable legal argument" and "leaves the Commissioner and this Court to wonder why he thinks the ALJ should have been required to find him credible" (internal quotation marks, alteration, and citation omitted)); *Dice v. Comm'r of Social Security,* No. 12-11784, 2013 WL 2155528, at *7 (E.D. Mich. Apr. 19, 2013) (Hluchaniuk, M.J.) (finding that the plaintiff "offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error," and cautioning that the "plaintiff cannot simply make the bald claim that the ALJ erred, while leaving it to the Court to scour the record to support this claim"); *Bush v. Astrue,* No. 12-11790, 2013 WL 1747807, at *14 (E.D. Mich. Jan. 25, 2013) (Grand, M.J.) (noting the plaintiff's "failure to make any developed arguments about any alleged errors in the ALJ's decision"); *Kenny v. Comm'r of Social Security,* No. 12-10182, 2013 WL 507730, at *4 n.1 (Jan. 15, 2013) (Michelson, M.J.) ("To the extent Plaintiff claims that the ALJ erred by relying on [vocational expert] testimony that inaccurately portrayed her physical impairments, any such argument has been waived for failure to adequately brief this issue in her motion for summary judgment."); *Morrison v. Comm'r of Social Security,* No. 11-13974, 2013 WL 512804, at *5 (E.D. Mich. Jan. 14, 2013) (Whalen, M.J.) (finding that the plaintiff had forfeited his challenge to the ALJ's hypothetical question to the vocational expert by failing to "identify any specific deficiencies in the ALJ's question"). In light of this lamentable record of filing one-size-fits-all briefs and inviting the Judges of this District to formulate arguments and search the record on his clients' behalf, Plaintiff's counsel is strongly cautioned that this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

[2]In any event, the Court agrees with the Magistrate Judge that to the extent this issue was even raised in Plaintiff's underlying motion, the argument in support of Plaintiff's position "relie[d] on rhetorical questions, not substantive law." (R & R at 8 n.1.) The Magistrate Judge further found (and the Court agrees) that this argument was part and parcel of Plaintiff's challenge to the ALJ's assessment of his credibility, (*see id.*), and the Magistrate Judge then proceeded to address (and reject) this challenge. Thus, even if the Court were inclined to address

As his second objection to the R & R, Plaintiff contends that the Magistrate Judge erred in finding that the ALJ identified sufficient grounds in the record for discounting Plaintiff's testimony at the administrative hearing regarding his limitations. Again, however, the arguments advanced in support of this objection — namely, that Plaintiff's modest daily activities and his exclusive use of over-the-counter medications following the loss of his insurance are improper grounds for discounting his credibility, (*see* Plaintiff's Objections at 3-4) — are nowhere to be found in Plaintiff's underlying summary judgment motion,[3] but instead are presented for the first time in Plaintiff's submission to this Court. For the reasons already stated above, the Court declines to address an issue that was not properly and meaningfully presented for initial consideration by the Magistrate Judge.[4]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's January 24,

---

Plaintiff's first objection, it would readily conclude that the ALJ's decision not to rely on the fifth hypothetical posed to the vocational expert was supported by substantial evidence.

[3]True to form, Plaintiff tersely stated in his summary judgment brief that the reasoning given by the ALJ to support the assessment of Plaintiff's credibility was "not substantiated," (Plaintiff's Motion, Br. in Support at 10), but he failed to explain how this was so, much less address any of the reasons actually given by the ALJ for discounting his credibility.

[4]In the alternative, the Court rejects this challenge as without merit, where Plaintiff's "divide and conquer" approach to the ALJ's credibility assessment unduly overlooks the collective weight of the several reasons given by the ALJ for discounting Plaintiff's credibility. (*See* R & R at 10 (enumerating these reasons).) Plaintiff has nothing to say about the bulk of these reasons, and the Court finds that they would provide a sufficient basis in the record for sustaining the ALJ's credibility assessment, even assuming the validity of the challenge raised in Plaintiff's objection to certain aspects of this assessment.

5

2014 objections (docket #13) to the Magistrate Judge's January 15, 2014 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #12) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order. Finally, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation and this order, that Plaintiff's May 17, 2013 motion for summary judgment (docket #8) is DENIED, and that Defendant's August 23, 2013 motion for summary judgment (docket #11) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 24, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 24, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135